vision, Washington, D. C., for respondent-appellee.

Before AINSWORTH, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

 The sole question on this appeal is whether the Tax Court was clearly erroneous in finding as a fact that the taxpayers sold an interest in an oil and gas contract, thus realizing short-term capital gain, or whether, as taxpayers contend, they contributed such interest to a partnership so as to make a non-taxable exchange under Section 721 of the Internal Revenue Code. After a careful review of the record, we find that the evidence sufficiently supports the Tax Court's decision.

Taxpayers, Bednar and Briggs, desired to buy certain gas properties. Through a series of transactions, they acquired contract rights in the properties. Bednar, Briggs and Alamo Petroleum Company then entered into a joint venture, named Rosario Production Company, to coordinate the contract rights of Bednar and Briggs with funds of Alamo, which were to be used to purchase the properties. Alamo supplied the money and the properties were purchased with Alamo receiving a 75% interest and Bednar and Briggs a 25% interest.

The crux of the case centers around the legal and equitable ownership of the oil and gas properties. In order for the taxpayers to prevail, they had to show as a matter of fact that the beneficial title to the properties in question had been transferred to Rosario Production Company. Record title was admittedly assigned to the individuals and Alamo. The documentary evidence sustains the finding that such title was both legal and equitable. The joint venture-partnership agreement itself recited that "the parties shall own the Properties." Alamo's directors' resolution authorized "the company to purchase and acquire

an undivided 75% interest in and to the Properties."

Although Bednar testified that they held the title for the partnership, he was an interested party and his testimony was subject to proper evaluation by the Tax Court. In disregarding his testimony on this point and relying on the signed documents in evidence, the Tax Court cannot be said to have been clearly erroneous.

Affirmed.

**Del O'NEAL, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent-Appellee.**

**No. 71-1523**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 18, 1971.

Varon & Stahl, P. A., Hollywood, Fla., for petitioner-appellant.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New

York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**112**

Earl Faircloth, Atty. Gen., of Fla., Tallahassee, Fla., Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, Fla., Robert L. Shevin, Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

& Patterson, Houston, Tex., of counsel, for appellant.

Chris Dixie, Dixie, Wolf & Hall, Houston, Tex., for plaintiff-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1] Wiley & Sons v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964).

**LODGE 15, INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, Plaintiff-Appellee,**

v.

**CAMERON IRON WORKS, Defendant-Appellant.**

No. 30778

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 14, 1971.

**Joseph X. BETHEA, Petitioner-Appellant,**

v.

**Mr. DAGGETT, Acting Warden, Respondent-Appellee.**

No. 71–1078

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 23, 1971.

William Key Wilde, Carlton Wilde, Ron D. Daugherty, Houston, Tex., Bracewell

---

1. See N. L. R. B. v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F.2d 966.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.